IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Augustus Thomas,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:05-cr-00568-TLW-1<br>C/A No. 4:07-cv-70063-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure filed by Petitioner Anthony Augustus Thomas. For the reasons stated below, the motion is denied.

A jury convicted Petitioner of Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence. The Court sentenced him to 240 months on the robbery conviction and 420 months on the firearm conviction, and judgment was entered on November 23, 2005. ECF No. 66. He filed a direct appeal and the Fourth Circuit affirmed on July 5, 2006. *United States v. Thomas*, 189 F. App'x 174 (4th Cir. 2006).

Petitioner timely filed a § 2255 petition generally asserting ineffective assistance of counsel, ECF No. 89, which the Court denied on the merits on April 24, 2009, ECF No. 102. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal on November 5, 2009. *United States v. Thomas*, 349 F. App'x 829 (4th Cir. 2009).

On December 23, 2015,[1] over six-and-a-half years after the Court denied his § 2255

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

petition and over six years after the Fourth Circuit dismissed his appeal of that denial, he filed the instant motion under Rule 60(b), asking the Court to vacate its prior order denying his petition and to vacate his conviction. The basis of his motion is not entirely clear, but he appears to be disputing the Court's order as it pertains to dismissing his petition regarding his allegation that counsel was ineffective in failing to challenge the sufficiency of the evidence for his § 924(c) conviction.

Rule 60(b) provides as follows:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). He does not assert which of these grounds he is asserting, and none of them on their face appear to apply. Because he is challenging the Court's legal basis for its ruling in the order denying his § 2255 petition, this motion is more properly characterized as a motion for reconsideration under Rule 59(e). However, regardless of how his motion is characterized, it is both meritless and untimely, and he is therefore not entitled to relief.

Regarding timing, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," which was clearly not done here. Fed. R. Civ. P. 59(e). A Rule 60(b) motion

2

must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding," which, again, was clearly not done here. Fed. R. Civ. P. 60(c)(1); *see also Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable).

Furthermore, even if he had filed his motion in a timely manner, the Fourth Circuit has already dismissed his direct appeal of the order and there is no merit to his motion. *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

Accordingly, Petitioner's motion, ECF No. 116, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 18, 2016
Columbia, South Carolina

3