IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Augustus Thomas,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:05-cr-00568-TLW-1<br>C/A No. 4:16-cv-01702-TLW<br><br><br>**Order** |

Petitioner Anthony Augustus Thomas was convicted at trial of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3). ECF No. 54. The Court sentenced him as a career offender to 420 months incarceration. ECF No. 66. In his § 2255 petition, he makes two arguments: (1) that he is no longer a career offender; and (2) that Hobbs Act robbery is not a valid § 924(c) predicate conviction.[1] ECF No. 127 at 4–5.

As to Petitioner's career offender argument, the Supreme Court has now foreclosed that argument, having held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137

---

[1] He initially filed a pro se petition in which he only raised the issue of the § 924(c) conviction, but an assistant federal public defender noticed his appearance on Petitioner's behalf and filed an amended petition that added the career offender claim. *See* ECF Nos. 121, 124, 127.

1

S. Ct. 886, 895 (2017); *see also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the Sentencing Guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255).

As to the Hobbs Act robbery argument, Petitioner makes two arguments why it is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.[2]

---

[2] The Court notes that this issue is currently before the Fourth Circuit in at least

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[3] *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

Because the Guidelines are not subject to a vagueness challenge and because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), Petitioner's petition for relief pursuant to § 2255, ECF No. 121, is **DENIED**. This action is hereby **DISMISSED**.[4]

---

three cases: *United States v. Allen*, No. 4:02-cr-00750-TLW-2 (D.S.C. Feb. 5, 2019) (order denying § 2255 petition), *appeal docketed*, No. 19-6305 (4th Cir. Mar. 4, 2019); *United States v. Gleaton*, No. 3:18-cr-00006-TLW-1 (D.S.C. Mar. 26, 2018) (order denying motion to dismiss), *appeal docketed*, No. 18-4558 (4th Cir. Aug. 8, 2018); *United States v. Wilson*, No. 3:17-cr-00138-TLW-1 (D.S.C. Sept. 22, 2017) (order denying motion to dismiss), *appeal docketed*, No. 18-4159 (4th Cir. Mar. 15, 2018).

[3] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

[4] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**[5]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 17, 2019
Columbia, South Carolina

---

[5] In light of the Court's ruling, the other outstanding motion in this case, ECF No. 131, is **DISMISSED AS MOOT**.

4